990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$390,047.55 IN U.S. CURRENCY, Defendant,
and
Jesus Jose Castro-Vasquez and Luz Marlene Castro,
Claimants-Appellants.
 No. 90-16194.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.*
Memorandum Disposition Oct. 17, 1991.
Vacated and Remanded by Supreme Court Jan. 11, 1993.
Resubmitted March 15, 1993.
Decided April 20, 1993.
 
 Before GOODWIN, NORRIS and THOMPSON, Circuit Judges.
 MEMORANDUM**
 OVERVIEW
 By memorandum disposition filed October 17, 1991, we dismissed this case for lack of subject matter jurisdiction. The district court had ordered the $390,047.55 forfeited to the government. A notice of appeal was filed, but no stay of the judgment was obtained and no supersedeas bond was filed. The $390,047.55 was transferred to the Department of Justice Assets Forfeiture Fund. That disposed of the res, and we held that without a res there was no subject matter jurisdiction.
 
 
 1
 The claimants filed a petition for writ of certiorari in the Supreme Court. While that petition was pending, the Court decided Republic National Bank of Miami v. United States, 506 U.S. ----, 113 S.Ct. 554 (1992). In that case, the Court held that in an analogous situation subject matter jurisdiction was not lost by transfer of the res to the Department of Justice Assets Forfeiture Fund. The Court vacated our memorandum disposition filed October 17, 1991, and remanded this case to us for further consideration in light of the Court's decision in Republic National Bank.
 
 
 2
 We have reconsidered this case. Consistent with Republic National Bank, we hold that subject matter jurisdiction was not lost when the $390,047.55 was transferred to the Department of Justice Assets Forfeiture Fund. We have appellate jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's order forfeiting the $390,047.55 to the government.
 
 FACTS
 
 3
 Banks are required to file a currency transaction report (CTR) for each currency transaction in excess of $10,000. 31 U.S.C. § 5313(a) and 31 C.F.R. § 103.22(a)(1). It is illegal to structure currency transactions for the purpose of evading this reporting requirement. 31 U.S.C. § 5324(3). Currency which has been used in illegally structuring deposits is forfeitable under 18 U.S.C. § 981(a)(1)(A).
 
 
 4
 From January 1987 through April 1989, claimant Castro-Vasquez maintained three bank accounts in his name at three different banks in Douglas, Arizona. During this time frame, 127 separate cash deposits were made into these accounts, each deposit in an amount under $10,000. Eighty-one of these deposits averaged $8,277 per deposit; 49 of them were $9,000 or more. Each was made the same day as one or more other deposits. On some days as many as three deposits were made. On September 18, 1987, for example, there were three deposits for $9,000, $9,900, and $9,500.
 
 
 5
 In presenting its case, the government introduced into evidence three money-laundering reports made during January 1989 by teller employees of one of the banks. These reports indicated that Castro-Vasquez asked "what was the least he could deposit in order to not fill out a CTR;" that he was making the deposits out of a "briefcase full of money;" and that "he had a lot more $100.00 bills with him, and deliberately stopped" before he had to make a report. Castro-Vasquez produced no evidence in opposition to the government's case.
 
 
 6
 Although the claimants made no attempt at trial to explain the suspicious pattern of deposits, Castro-Vasquez had given an explanation for the deposits in his pretrial deposition. The district court considered his testimony in this deposition even though the deposition was not admitted into evidence. The court found Castro-Vasquez's deposition testimony explaining the structured deposits to be incredible. It ordered the currency forfeited to the government, and this appeal followed.
 
 DISCUSSION
 
 7
 * We review de novo, as a question of law, a district court's determination of probable cause for forfeiture. United States v. 29,959.00 U.S. Currency, 931 F.2d 549, 553 (9th Cir.1991), questioned on other grounds by Republic National Bank of Miami v. United States, 506 U.S. ----, 113 S.Ct. 554 (1992).
 
 
 8
 At trial, the district court determined that the government merely had to establish probable cause to believe that Castro-Vasquez had intended to evade the reporting requirements of 31 U.S.C. § 5313(a) and 31 C.F.R. § 103.22(a)(1). The court decided that once the government had established probable cause, the burden shifted to the claimants to prove by a preponderance of the evidence that the currency had not been involved in illegal structuring. The claimants argue that because section 5324 violations have a specific intent requirement, probable cause is not the proper burden of proof. Rather, claimants argue, the district court should have placed the entire burden on the government to prove by a preponderance of the evidence that Castro-Vasquez had intentionally structured the deposits so as to evade the reporting requirement.
 
 
 9
 We need not resolve this dispute. The evidence was more than sufficient to support the district court's forfeiture order even when allocating to the government the full burden to prove by a preponderance of the evidence that Castro-Vasquez violated the currency reporting requirements. The government's evidence clearly showed that Castro-Vasquez intentionally structured the currency transactions to evade the requirements of 31 U.S.C. § 5313(a) and 31 C.F.R. § 13.22(a)(1).
 
 II
 
 10
 The claimants next argue that the district court erred in considering Castro-Vasquez's deposition testimony. The government concedes the district court erred in considering this testimony, but argues the error was harmless. We agree.
 
 
 11
 Evidentiary rulings result in reversible error unless it is more probable than not that the result in the district court was untainted by the error. Ackley v. Western Conference of Teamsters, 958 F.2d 1463, 1470 (9th Cir.1992), citing Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 888 (9th Cir.1991).
 
 
 12
 In his deposition which the district court erroneously considered, Castro-Vasquez offered an explanation for his numerous deposits just below the $10,000 reporting requirement mark. The district court considered Castro-Vasquez's explanation to be incredible. While it is arguable that it was worse for the claimants to have the court find an incredible explanation than it would have been had there been no explanation at all, the net result under either scenario was that there was no competent evidence before the court in opposition to the government's case. And the government's evidence, apart from Castro-Vasquez's deposition testimony, was more than sufficient to support the district court's finding that Castro-Vasquez intentionally violated the currency reporting requirements of 31 U.S.C. § 5313(a) and 31 C.F.R. § 103.22(a)(1). Thus, it is more probable than not that the district court's judgment was untainted by the court's erroneous consideration of Castro-Vasquez's deposition testimony. The error, therefore, was harmless.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3